UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHA K. KAGA, | Civ. Action No. 19-14814 (ES) (MAH) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| AHMED A. ELSOURY, et al., | |
| Defendants. | |

**I.  INTRODUCTION**

This matter is presently before the Court on the unopposed motion of Plaintiff, Maha K. Kaga, to remand the action to the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County.  *See* Pl.'s Mot. to Remand, D.E. 19.  The District Court referred this matter to the Undersigned to issue a Report and Recommendation.  This Court has considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth herein, the Court respectfully recommends that the District Court grant Plaintiff's motion, and remand this matter to the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County.

**II.  BACKGROUND**

Plaintiff, Maha K. Kaga, is a New Jersey resident who resides in Monmouth Junction, New Jersey.  Am. Compl., D.E. 1, Exh. B, at 15.  Defendant Ahmed A. Elsoury, M.D. ("Dr. Elsoury"), Plaintiff's husband, is currently incarcerated at the Federal Correctional Institution, Fort Dix ("FCI Fort Dix"), in Fort Dix, New Jersey.  *Id.* at 16.  On February 19, 2019, Plaintiff commenced this action, seeking a divorce from Dr. Elsoury, in the Superior Court of New

Jersey, Chancery Division, Family Part, Middlesex County.  *See* Pl.'s Br. in Support of Mot. to Remand, D.E. 19-1, at 4.  On March 14, 2019, Plaintiff filed an Amended Complaint for Divorce, seeking a dissolution of their marriage, alimony, sole custody of their children, child support, and an equitable distribution of their marital assets.  *See* Am. Compl., D.E. 1, at 15.  In addition to her husband, Plaintiff named the following individuals and entities as Defendants in the Amended Complaint:  Nermina Ljulja-Goga; Senad Goga; Advanced Medical Claims, Inc.; John Chiano; Recover Medical Services, PC; Natan Peysakhov; Zakhar Peysakhov; City Funding, Inc.; New Dorp Medical & Surgical, PC; ICAR, LLC; Nations Transportation LLC; Knox Auto Transport LP; Huguenot Medical Services PC; Victory Medical Diagnostics PC; New Dorp Medical, P.C.; Dumont Medical Diagnostics PC; 4247 Richmond Avenue LLC; Mohammed Nassar; Hudson Auto Trade LLC; Esmat Awad Hussein; Shahira Adel Elsoury; Evelyn Goldstein; and various John Does, ABC Corps, and XYZ Partnerships.  *Id.*  In short, Plaintiff alleges that Defendants fraudulently transferred marital funds and assets between Dr. Elsoury and these co-Defendants in order to deprive Plaintiff of "a fair and reasonable equitable distribution of marital assets and payment of necessary support to Plaintiff and the parties' minor children."  *Id.* at 25.

On July 2, 2019, Defendant Mohammed Nassar removed this case to federal court on behalf of Defendant ICAR, LLC pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship under 28 U.S.C. § 1332(a).[1]  *See* Notice of Removal, D.E. 1.  In the Petition for Removal, Defendant Nassar contends that the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and all Defendants.  Pet. for Removal, D.E. 1, at 2, ¶ 3.

---

[1]  The Removal Petition predicates federal jurisdiction solely on § 1332.  Defendant Nassar does not assert that federal question jurisdiction exists here.  *See*, *generally*, Notice of Removal, D.E. 1.

2

Specifically, he represents that ICAR, LLC is organized under the laws of the State of Tennessee with its principal place of business in Knoxville, Tennessee. *Id.* He further asserts that upon Dr. Elsoury's release from prison, Dr. Elsoury intends to reside in New York. *Id.* He also contends that Hudson Auto Trade, LLC is a limited liability company organized under the laws of the State of New Jersey, but re-located and re-formed in the State of Tennessee. *Id.* Nassar's Notice of Removal fails to plead the citizenship of all the members of the various limited liability companies named in the Amended Complaint. *Id.*

On January 24, 2020, Plaintiff moved to remand this matter to state court on the basis that complete diversity is lacking. Pl. Mot. to Remand, D.E. 19, at 7-12. Plaintiff also maintains that this Court lacks jurisdiction over this divorce action because it falls within the domestic-relations exception to diversity jurisdiction, which bars federal courts from entertaining matrimonial and family law claims.[2] *Id.* at 12-15. Any opposition to the Motion to Remand was due by February 4, 2020. However, no party has opposed the motion.

---

[2] The Court need not discuss at great length Plaintiff's argument regarding the domestic-relations exception to diversity jurisdiction as it finds that there is a lack of complete diversity between Plaintiff and all Defendants. Nonetheless, the Court notes that even if it had diversity jurisdiction over this matter, the domestic-relations exception would bar the Court from exercising jurisdiction. The United States Supreme Court expressly "disclaim[ed] any jurisdiction in the courts of the United States upon the subject of divorce, or the allowance of alimony." *Barber v. Barber*, 62 U.S. 582, 584 (1858). The exception was later extended to "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). More recently, the Supreme Court articulated that the exception "divest[s] the federal courts of the power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The removed action is one seeking a divorce and other relief. Accordingly, Plaintiff's Amended Complaint falls squarely within the domestic-relations exception.

**III.    ANALYSIS**

As an initial matter, the Court notes that a decision to remand is dispositive. *In re U.S. Healthcare,* 159 F. 3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, this Court addresses Plaintiff's motion via Report and Recommendation.

There are multiple reasons to remand this matter. First, Defendant Nassar improperly removed this matter on behalf of Defendant ICAR, LLC. While Defendant Nassar may be ICAR LLC's manager, he does not appear to be an attorney. He did not represent himself as an attorney in the removal petition, and instead held himself out as the Manager of ICAR LLC and a *pro se* defendant. Notice of Removal, D.E. 1, at pages 1, 8. Further, it does not appear that he is a registered attorney in the State of New Jersey. Limited liability companies may appear in federal court only through a licensed attorney. *See Dougherty v. Snyder*, 469 Fed. App'x. 71, 72 (3d Cir. 2012). On this basis alone, remand would be appropriate. *See, e.g.*, *In re 69 North Franklin Turnpike, LLC*, 693 Fed. App'x. 141, 144 (3d Cir. 2017) (finding district court did not err in dismissing the Notice of Appeal filed by the LLC's managing member, who was not an attorney, without providing the LLC the opportunity to cure the deficiency); *see also Cluck-U Corp. v. Docson Consulting, LLC*, Civ. No. 11-1295, 2011 WL 4073129, *3 (M.D. Pa. Aug. 30, 2011) (a single member owner of an LLC cannot remove a case to federal court on behalf of the LLC if he is not an attorney). Nonetheless, the Court will consider Plaintiff's argument that the Court lacks subject matter over this action because there is a lack of complete diversity between Plaintiff and Defendants.

The party seeking removal based on diversity jurisdiction must demonstrate that the matter satisfies the requirements of removal under 28 U.S.C. §§ 1332(a) and 1441.  When jurisdiction is predicated on diversity of citizenship under § 1332, it "requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re: Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).  In most cases, if any plaintiff and any defendant share citizenship, complete diversity will be defeated.  *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365 (1978); *Grand Union Supermarkets of the Virgin Isl., Inc., v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 410 (3d Cir. 2003).

The removing party must demonstrate diversity of citizenship by a preponderance of the evidence.  *See McCann v. Newmann Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).  A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court.  28 U.S.C. § 1447(c); *see Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting that federal courts can neither proceed without subject matter jurisdiction, nor can a party waive a lack of jurisdiction).  The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

A party may move to remand an action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  Section 1447, which sets forth the procedures for moving to remand, provides in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). A defect is deemed jurisdictional in nature "'only if the case could not initially have been filed in federal court.'" *Farina*, 625 F.3d at 114 (quoting *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003)).

Here, Plaintiff contends that Defendant's removal is jurisdictionally improper for several reasons. *See* Br. in Support of Mot. to Remand, D.E. 19-1, at 7-12. First, as noted above, the Notice of Removal failed to include the citizenship of the members of the defendant limited-liability companies and partnerships. Plaintiff has named numerous defendants in her Amended Complaint for Divorce, including natural persons, corporations, professional corporations, limited partnerships, and several limited-liability companies. Am. Compl., D.E. 1, at 15-26. The citizenship of limited partnerships and limited-liability companies is determined by the citizenship of each of the partnership or LLC's individual members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-97 (1990) (limited partnerships); *see also Zambelli Fireworks Mfg. Corp. v. Wood*, 592 F.3d 412, 419, 421 (3d Cir. 2010) (limited liability companies). However, as Plaintiff observes, the Notice of Removal failed to provide the citizenship of any of the members of the various defendant limited-liability companies and limited partnerships. Notice of Removal, D.E. 1. Therefore, the Court concludes that the Notice of Removal has failed to demonstrate that there is complete diversity between Plaintiff and all Defendants. *See McCann*, 458 F.3d at 286; *Zambelli Fireworks*, 592 F.3d at 419, 421.

Second, Plaintiff also claims that there is a lack of complete diversity between her and Defendant Hudson Auto Trade, LLC. *See* Br. in Support of Mot. to Remand, D.E. 19-1, at 8-10. Hudson Auto Trade, LLC is a limited liability company with two members, Defendant Nassar and Amr Youssef. Rojao Cert., Exh. A, Amended Certificate of Formation for Hudson Auto Trade, LLC, D.E. 19-3. Mr. Youssef, who is listed on the company's Amended Certificate of

Formation as a managing member of Hudson Auto Trade, LLC, is a citizen of New Jersey, residing at 316 Congers Avenue, Northvale, New Jersey. *Id.* New Jersey property tax records indicate that the 316 Congers Avenue address is a single-family residence in which Mr. Youssef has resided for more than ten years. Rojao Cert., Exh. B, New Jersey Property Tax Records for 316 Congers Ave., Northvale, N.J., D.E. 19-4. Hence, Hudson Auto Trade, LLC is a citizen of New Jersey and is not diverse from Plaintiff.

Next, Plaintiff maintains that there is a lack of complete diversity because Dr. Elsoury, like Plaintiff, is a citizen of New Jersey. *See* Br. in Support of Mot. to Remand, D.E. 19-1, at 10-12. Dr. Elsoury is currently incarcerated at FCI Fort Dix in Fort Dix, New Jersey. Am. Compl., D.E. 1, at 2. The Amended Complaint alleges that before Dr. Elsoury's incarceration, he lived in the marital home in Monmouth Junction, New Jersey. *Id.* at ¶ 70. For purposes of diversity jurisdiction, there is a presumption that an inmate is a citizen of the state in which he was domiciled before his incarceration. *Pierro v. Kugel*, 386 Fed. App'x. 308, 309 (3d Cir. 2010). This presumption is not easily rebutted and may only be overcome by a showing that the inmate intends to live in another state upon release, in which case the inmate's citizenship would be in that other state. *Id.* at 310. However, "unsubstantiated declarations" and "conclusory statements" are insufficient. *Id.* Rather, a prisoner must allege facts sufficient to establish a *bona fide* intent to change his domicile upon release. *Id.* Here, Defendant Nassar asserts, without any factual support, much less an affidavit or declaration from Dr. Elsoury, that upon Dr. Elsoury's release from custody, he intends to reside in Staten Island, at the location of his former medical practice. Notice of Removal, D.E. 1. Such an assertion, without more, is insufficient to overcome the presumption that Dr. Elsoury is a citizen of New Jersey, the state of his domicile both before and during his incarceration. *Pierro*, 386 Fed. App'x. at 310.

Accordingly, the Court finds that Defendant Nassar has failed to carry his burden of establishing, by a preponderance of the evidence, that there is complete diversity between Plaintiff and all Defendants. Therefore, the Undersigned concludes that removal was procedurally and jurisdictionally infirm, and that this Court lacks subject-matter jurisdiction over this action. For those reasons, the Undersigned respectfully recommends that the District Court remand this matter to the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County.

**IV.   CONCLUSION**

For the reasons set forth above, this Court respectfully recommends that the District Court grant Plaintiff's motion and remand this matter to the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County.

The parties are reminded that they have fourteen (14) days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 7.1(c)(2).

*s/Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

**Date:   February 25, 2020**